IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MCCOMB,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OFFICER JOHN DALCASON #5392, OFFICER WILLIAM ROGUS #7851, OFFICER AMANDA WRIGHT #10361, SGT. VINCENT WALSH #1968, and the CITY OF CHICAGO,<br><br>　　Defendants. | No. 7 C 5564<br><br><br><br>JUDGE MAROVICH<br>MAGISTRATE JUDGE SCHENKIER |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER JOHN DALCASON #5392, OFFICER WILLIAM ROGUS #7851, OFFICER AMANDA WRIGHT #10361, SGT. VINCENT WALSH #1968, (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF CHICAGO.

### JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1340(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.　PLAINTIFF is a resident of the State of Illinois and a citizen of the United States.

3.　The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the City of CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On or about March 29, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

6. Specifically, OFFICER JOHN DALCASON #5392 and OFFICER WILLIAM ROGUS #7851, without reasonable suspicion that PLAINTIFF was engaged in criminal behavior, effectuated a vehicle stop of PLAINTIFF at or near 4000 W. Westend, Chicago, Illinois.

7. OFFICER JOHN DALCASON #5392 and OFFICER WILLIAM ROGUS #7851 searched the vehicle without PLAINTIFF'S consent.

8. OFFICER JOHN DALCASON #5392 and/or OFFICER WILLIAM ROGUS #7851 struck PLAINTIFF without provocation and notwithstanding the fact that PLAINTIFF had not threatened DEFENDANTS and was not a threat to DEFENDANTS. OFFICER JOHN DALCASON #5392 and/or OFFICER WILLIAM ROGUS #7851 then purposefully damaged PLAINTIFF'S personal property, *inter alia*, his cell phone(s). This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution.

9. At the police station located at or near Harrison and Kedzie Avenues in Chicago, Illinois OFFICER JOHN DALCASON #5392 and OFFICER WILLIAM ROGUS #7851 refused to take PLAINTIFF'S complaint regarding, *inter alia*, his claims of battery.

10. On or about March 29, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

11. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

12. The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause or reasonable suspicion to believe that criminal activity took place relative to the PLAINTIFF.

13. On March 29, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

15. On or about March 29, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

16. Upon information and belief, OFFICER JOHN DALCASON #5392, on March 29, 2006, came into physical contact with PLAINTIFF.

17. Upon information and belief, OFFICER WILLIAM ROGUS #7851, on March 29, 2006, came into physical contact with PLAINTIFF.

## CONSPIRACY

18. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

    e. generating false documentation to cover-up for their own and each other's misconduct.

In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 29, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury.

**EQUAL PROTECTION**

19. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

20. In connection with the Equal Protection Claim, PLAINTIFF is a member of a protected class (*i.e.* African-America) and PLAINTIFF was treated differently by the DEFENDANT OFFICERS as a result. The DEFENDANT OFFICERS acted with discriminatory intent by

4

treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence against and criminally charging PLAINTIFF, specifically due to the status of PLAINTIFF as an African-American.

21. In the alternative, with regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against CITY OF CHICAGO Police Officers.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**
*(ALTERNATIVE PLEADING)*

22. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

23. On at least 20 occasions prior to March 29, 2006 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

24. On at least 20 occasions prior to March 29, 2006 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

25. The DEFENDANT OFFICERS, each of them, have been trained, prior to March 29, 2006, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

5

26. OFFICER JOHN DALCASON #5392, on at least 20 occasions prior to and/or after March 29, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

27. OFFICER JOHN DALCASON #5392, on at least 20 occasions prior to and/or after March 29, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

28. On March 29, 2006 there was no reasonable reason for OFFICER JOHN DALCASON #5392 to falsify a police report and/or criminal complaint and or use force with respect to PLAINTIFF.

29. OFFICER WILLIAM ROGUS #7851, on at least 20 occasions prior to and/or after March 29, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

30. OFFICER WILLIAM ROGUS #7851, on at least 20 occasions prior to and/or after March 29, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

31. On March 29, 2006 there was no reasonable reason for OFFICER WILLIAM ROGUS #7851 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

32. OFFICER AMANDA WRIGHT #10361, on at least 20 occasions prior to and/or after March 29, 2006, has received citizen complaints regarding, *inter alia*, battery.

33. OFFICER AMANDA WRIGHT #10361, on at least 20 occasions prior to and/or after March 29, 2006, has generated police reports regarding citizen complaints and has not falsified information contained within.

34. On March 29, 2006 there was no reasonable justification for OFFICER AMANDA WRIGHT #10361 to refuse to receive a citizen complaint and/or falsify a police report respect to PLAINTIFF.

35. SGT. VINCENT WALSH #1968, on at least 20 occasions prior to and/or after March 29, 2006, has received citizen complaints regarding, *inter alia*, battery.

36. SGT. VINCENT WALSH #1968, on at least 20 occasions prior to and/or after March 29, 2006, has generated police reports regarding citizen complaints and has not falsified information contained within.

37. On March 29, 2006 there was no reasonable justification for SGT. VINCENT WALSH #1968 to refuse to receive a citizen complaint and/or falsify a police report respect to PLAINTIFF.

## *MONELL* ALLEGATIONS

38. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d. fail to properly investigate a complaint of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CHICAGO police officer upon another;

7

e. fail to take proper remedial action against a CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CHICAGO police department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CHICAGO police department;

k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

  l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CHICAGO police department;

  m. fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

  n. fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

  o. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CHICAGO police department.

39. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CHICAGO police department in order to permit said conduct to re-occur.

40. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### §1983 Excessive Force

9

41.     PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

42.     The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto PLAINTIFF.  This conduct violates the Fourth Amendment of the United States Constitution.

43.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest

44.     PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

45.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

46.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Conspiracy Claim

47. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

48. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Equal Protection – Class of One

49. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

50. The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

51. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT V –*Monell*

52.     PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

53.     PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

54.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

55.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the City of CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

56.     PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

57.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

                Respectfully submitted,


                s/Blake Horwitz_____
                Attorney for the Plaintiff
                Blake Horwitz



Horwitz, Richardson & Baker LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603
Phone: (312) 676-2100
Fax: (312) 372-7076